METROPOLITAN LIFE INS. CO. v. HEINZE et al.    (No. 6089.)

(Supreme Court, Appellate Division, First Department.    June 19, 1914.)

PLEADING (§ 323*)—BILL OF PARTICULARS—CONDITIONS.

The court ordering a defendant to serve a bill of particulars should not insert in the order a provision precluding him from giving evidence in support of the defense, for that question can only be presented after the failure of defendant to give the particulars, and plaintiff may then move to preclude him from giving the evidence.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 976–979; Dec. Dig. § 323.*]

Appeal from Special Term, New York County.

Action by the Metropolitan Life Insurance Company against Ruth Noyes Heinze and another. From an order directing defendants to furnish a verified bill of particulars, they appeal. Modified and affirmed.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

Franklin Bien, of New York City, for appellants.

Dean, Tracy & McBarron, of New York City, for respondent.

PER CURIAM. We think the court below was justified in requiring the defendants to serve the bill of particulars, as required by the order appealed from. It was, however, improper to insert in the order for the service of a bill of particulars a provision precluding the parties required to give the particulars from giving evidence in respect to a defense, as that question could only be presented after bill of particulars has been ordered, and defendants have failed to give the particulars required. If the defendants fail to furnish the particulars required, plaintiff may then move to preclude them from giving evidence as to the defense, for which they have failed to furnish such particulars.

The order appealed from is therefore modified by striking out the last paragraph, which precludes the defendants from giving evidence, and, as so modified, affirmed, without costs.